UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
_____X
NAVIG8 CHEMICALS POOL, INC.           :
                                      :    3:13 CV_____
                                      :
                 Plaintiff,           :    ECF CASE
                                      :
       v.                             :
                                      :    September 20, 2013
                                      :
PARLAY SHIPPING & TRADING, LLC        :
                                      :
                 Defendant.           :
_____X
```

## COMPLAINT

Plaintiff, Navig8 Chemicals Pool, Inc. ("Navig8" or "Plaintiff"), by and through its attorneys, Marion Partners LLC, as and for its Complaint against the Defendant, Parlay Shipping & Trading, LLC ("Parlay" or "Defendant"), alleges upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1333, as the impact of Defendant's tortious conduct had effect on a vessel in navigation.

2. Alternatively, jurisdiction is proper under 28 U.S.C. § 1332 because there exists complete diversity between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000.00.

3. At all times material to this action, Navig8 was and is a foreign corporation duly organized and operating under the laws of a foreign nation and was the owner and/or operator of the M/T SONGA EAGLE ("SONGA EAGLE" or "vessel").

4. At all times material to this action, Parlay was and is a company duly organized and operating under the laws of the State of Delaware with its principal place of business at 107 Church Hill Road, Suite 3, Sandy Hook, Connecticut.

5. At all times material to this action, Parlay was and is registered to do business in the State of Connecticut as a foreign limited liability company, with its principal place of business listed as 10 Wine Sap Rd., Sandy Hook, Connecticut.

6. On or about August 30, 2011, Andrew Harrison, a principal and the sole member of Parlay, contacted Navig8 and proposed terms upon which Swift Refining Company, Inc., d/b/a Swift Refining Inc. ("Swift Refining"), would agree to time charter the SONGA EAGLE from Navig8.

7. Mr. Harrison represented himself to be an agent duly authorized by Swift Refining to negotiate and fix vessels on behalf of Swift Refining.

8. During the negotiations regarding the proposed time charter of the SONGA EAGLE, Navig8 requested additional information regarding Parlay's principal and the proposed time charterer, Swift Refining.

9. In response, Mr. Harrison identified Swift Refining as follows: "They are a sister company of Swift Transportation. Swift Transportation is based in Phoenix, a publicly traded company. They own 58,000 trucks."

10. By this representation, Parlay, by and through Harrison, attempted to induce Navig8 to enter into a charter party with an unknown entity, Swift Refining, based on Parlay's factual representations about the corporate reputation and good credit of its alleged sister company, Swift Transportation.

11. In further negotiations regarding the proposed charter of the SONGA EAGLE, Navig8 requested the "latest quarterly financial statement" of Swift Refining and/or Swift Transportation in order to review the charterer's financials for credit approval purposes.

12. In response to this request, Parlay sent Navig8 a Bloomberg news article headlined "Swift Transportation Awarded Provider of the Year by Target," further attempting to induce Navig8 to enter into a charter party with Swift Refining based on its alleged corporate affiliation with, and the good credit of, Swift Transportation.

13. Based on Parlay's representations regarding Swift Refining's relationship with Swift Transportation, Navig8 inquired whether Swift Transportation would act as guarantor for Swift Refining and "always remain responsible for terms and conditions of the [charter party]."

14. Mr. Harrison, on behalf of Parlay and/or Swift Refining, responded that Swift Transportation would "most likely" agree to act as guarantor, thereby inducing Navig8 to state that it would provide Parlay with a counter-offer to Parlay's original offer on the basis of Swift Transportation serving as guarantor.

15. On August 30, 2011, relying on Mr. Harrison's and Parlay's factual representations regarding the commercial relationship between Swift Refining and Swift Transportation, Navig8 provided to Parlay a counter-offer under which the terms of the SONGA EAGLE charter would include a guarantee of Swift Refining's performance by Swift Transportation.

16. Several hours later, Mr. Harrison, on behalf of Parlay, confirmed in writing that Swift Transportation had agreed to guaranty Swift Refining's performance of the SONGA EAGLE charter. *See* Email from Andrew Harrison with Draft Fixture Recap, attached as Exhibit A.

17. Thereafter, the draft fixture recap for the SONGA EAGLE, summarizing the agreed material terms, was amended by Mr. Harrison to specify the identity of the charterer as follows: "MESSRS SWIFT REFINING INC. (SWIFT TRANSPORTATION TO ALWAYS BE RESPONSIBLE FOR TERMS AND CONDITIONS OF THIS CHARTER PARTY)."

18. By amending the fixture recap to name Swift Transportation as the guarantor of Swift Refining's performance under the charter party, Mr. Harrison and Parlay knowingly and/or recklessly represented and warranted that: (i) he/they were authorized to act as agents of Swift Transportation with regard to the guarantee, (ii) he/they had the authority to bind Swift Transportation as guarantor, and (iii) that Swift Transportation had agreed to guaranty Swift Refining's performance of the SONGA EAGLE charter.

19. On the basis of Harrison's/Parlay's confirming that Swift Transportation guaranteed Swift Refining's performance under the charter party, Navig8 was reasonably induced and thereby agreed to conclude the fixture of the M/T SONGA EAGLE with Swift Refining.

20. This agreement to charter the M/T SONGA EAGLE was memorialized on August 31, 2011 by the circulation of a final fixture recap, which identified the charterer as "Swift Refining Inc." and in the same term included a guarantee of Swift

Refining's performance by Swift Transportation. *See* SONGA EAGLE Charter Party, attached as Exhibit B.

21. Under the terms of the SONGA EAGLE charter, Navig8 agreed to charter the vessel to Swift Refining for a period of not less than 180 days and not more than 360 days in exchange for charter hire in the amount of $11,500.00 USD per day.

22. Swift Transportation's guarantee of Swift Refining's performance of the charter, including Swift Refining's payment of daily charter hire, was a material term that induced Navig8, acting in reasonable reliance, to agree to the fixture.

23. On or about September 5, 2011, Mr. Harrison sent notice to Navig8 that he had made a typographical error in the final fixture recap and that the charterer should be identified as "Swift Refining Company" rather than "Swift Refining Inc."

24. Because Mr. Harrison's communication made no mention of Swift Transportation's appearance in the same term as guarantor, Navig8 requested confirmation that Swift Transportation remained fully responsible for all terms and conditions of the charter party.

25. In response, Mr. Harrison confirmed that Swift Transportation remained responsible as follows: "Yes, Swift Transportation still remain [sic] responsible – it was just a typo error on my behalf – all other terms remain unchanged."

26. Beginning in October, 2011 and continuing through the eventual termination of the SONGA EAGLE charter party, Swift Refining failed to perform and

materially breached the charter, *inter alia,* by: (i) failing to timely pay the first installment of charter hire; (ii) failing to timely pay the second installment of charter hire; (iii) failing to pay the third installment of charter hire; and (iv) failing to pay the fourth installment of charter hire.

27. As a result of Swift Refining's failure to perform and material breach of the SONGA EAGLE charter, Navig8 made demand upon Swift Transportation that it adhere to its guarantee of Swift Refining's performance by paying the outstanding charter hire and otherwise ensuring Swift Refining's compliance with the charter party's terms and conditions.

28. In response, Navig8 was informed by a principal of Swift Transportation that Swift Transportation had never authorized Mr. Harrison and/or Parlay to agree on its behalf to provide a guarantee in favour of Swift Refining and that Mr. Harrison's and/or Parlay's representations regarding his/its authority to bind Swift Transportation were false and unfounded.

29. As set forth herein, Parlay and/or Mr. Harrison, acting as agent(s) on behalf of Swift Transportation, entered into a binding agreement with Navig8 under which Swift Transportation agreed to guarantee Swift Refining's performance of the SONGA EAGLE Charter Party.

30. By entering into that binding agreement, Parlay and/or Mr. Harrison knowingly and/or recklessly represented that it/he had authority on behalf of Swift Transportation to enter into the guarantee agreement.

31.     Navig8 reasonably relied upon this representation by Parlay and/or Mr. Harrison in entering into the SONGA EAGLE charter and the guarantee agreement.

32.     Subsequently, Swift Transportation repudiated the guarantee agreement because Parlay and/or Mr. Harrison lacked authority from Swift Transportation to enter into any guarantee agreement by it in favour of Swift Refining.

33.     Accordingly, Parlay and/or Mr. Harrison breached its/his warranty of authority owed to Navig8 by knowingly and/or recklessly misrepresenting the extent, scope, nature, and/or source of its/his authority in order to induce Navig8 to enter into a contract.

34.     On or about December 8, 2011, as a direct result of Swift Refining's breach of charter and Swift Transportation's denial of Mr. Harrison and/or Parlay's authority with regards to the guarantee agreement, Navig8 notified Swift Refining that it was terminating the SONGA EAGLE charter as of that date.

35.     As of the termination of the SONGA EAGLE charter, Navig8 suffered immediate and unavoidable damages including *inter alia*: $395,522.79 in charter hire earned during the vessel's performance of the charter party but never paid; $225,379.36 representing the cost of marine fuel and bunkers consumed during the vessel's performance of the charter party, which bunkers Swift Refining was obligated to compensate Navig8 for under the SONGA EAGLE charter party; damages in the form of loss of use, loss of income, loss of profits, reduction in

earning capacity, and other such damages as will be proven at trial of this matter; and interest, attorney's fees, and costs.

36. On the basis of Parlay's and/or Mr. Harrison's knowing and/or reckless misrepresentations regarding its/his authority to bind Swift Transportation, Parlay and/or Mr. Harrison is/are liable to Navig8 for any and all damages sustained by Navig8.

37. The amount of these damages will be proven at trial of this matter, but is in the present and estimated amount of $620,902.15, not including interest, attorneys' fees and costs.

**WHEREFORE** Navig8 Chemicals Pool, Inc. prays:

A. That process in due form of law issue against the Defendant, Parlay Shipping & Trading, LLC, citing it to appear and answer under oath all and singular the matters alleged in the Complaint, failing which default judgment be entered against it in the principal sum of $620,902.15, plus interest, attorney's fees and costs.

B. That this Court award Plaintiff punitive damages against Defendant in an amount sufficient to punish and set an example of Defendant;

C. That this Court award Plaintiff the attorneys' fees and costs incurred in this action; and

      D.      That Plaintiff have such other, further relief as the Court deems just, proper and equitable.

Dated: September 20, 2013

                                              Respectfully Submitted,

                                                  /s/ 
                                            Matthew A. Marion
Marion Partners LLC
16 Harstrom Place
Rowayton, CT 06415
Tel:   (203) 866-4050
Fax:  (203) 854-6656
marionlaw@hotmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2013, I caused the foregoing document or paper to be filed electronically with the Clerk of the Court using the CM/ECF system, and served by first class mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by first class mail to anyone unable to accept electronic filing as indicated in the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

I certify under the laws of the United States of America that the foregoing is true and correct. Executed on September 20, 2013.

/s/
Matthew A. Marion (ct 12264)
Marion Partners LLC
16 Harstrom Place
Rowayton, CT 06415
Tel:   (203) 866-4050
Fax:   (203) 854-6656
marionlaw@hotmail.com


TO:   PARLAY SHIPING & TRADING, LLC
      c/o Lennon, Murphy, Caulfield & Phillips, LLC
      Tide Mill Landing
      2425 Post Rd., Suite 302
      Southport, CT. 06890